IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DICVISION

| | |
|---|---|
| **BELLSOUTH TELECOMMUNICATIONS, LLC d/b/a AT&T SOUTH CAROLINA,**<br><br>Plaintiff,<br><br>v.<br><br>**ZALDIVAR UNDERGROUND LLC,**<br><br>Defendant. | Case No. 3:25-3517-JFA |

### COMPLAINT (NON-JURY TRIAL DEMANDED)

Plaintiff Bellsouth Telecommunications, LLC d/b/a AT&T South Carolina for its Complaint against Defendant Zaldivar Underground, LLC alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Bellsouth Telecommunications, LLC d/b/a AT&T South Carolina ("Plaintiff" or "AT&T"), is a Georgia limited liability company with its principal place of business in the State of Georgia.

2. AT&T's sole member is Bellsouth, LLC.

3. Bellsouth, LLC is a limited liability company whose sole member is AT&T DataComm, L.P.

4. AT&T DataComm, L.P. is a Delaware limited partnership jointly owned by AT&T DataComm Holdings, LLC (99.99% limited partner) and BellSouth Mobile Data, Inc. (0.01% general partner).

5. AT&T DataComm Holdings, LLC is a limited liability company whose sole member is Bellsouth Mobile Data, Inc.

1

6. Bellsouth Mobile Data, Inc. is incorporated in Georgia with its principal place of business in Atlanta, Georgia. Thus, for purposes of diversity jurisdiction, Bellsouth Telecommunications, LLC d/b/a AT&T South Carolina is a citizen of Georgia.

7. Defendant Zaldivar Underground, LLC ("Defendant" or "Zaldivar") is a single-member North Carolina limited liability company with its principal place of business in Charlotte, North Carolina.

8. Upon information and belief, Defendant Zaldivar's sole member is Kenny Demmer Zaldivar-Mejia, an individual and citizen of North Carolina. According to records filed with the North Carolina Secretary of State, Zaldivar may be served by delivering a copy of the Summons and Complaint to its registered agent, Connections ILR Inc. at 401 East Boulevard, Suite 100, Charlotte, North Carolina 28203.

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

10. This Court has personal jurisdiction over Defendant because the acts and/or omissions giving rise to this action occurred in Richland County, South Carolina.

**BACKGROUND INFORMATION**

11. Plaintiff AT&T is a telecommunications company which provides telecommunications services through, among other means, a network of cable, much of which is buried underground.

12. By state statute and agreement with and/or permission from the State of South Carolina, the County of Richland, and/or the City of Columbia, AT&T possesses the right to

3:25-cv-03517-JFA     Date Filed 04/28/25     Entry Number 1     Page 3 of 5

construct, operate, maintain, and reinstall a fiber-optic cable system underground in the right of way at or near 4701 North Main Street, Columbia, Richland County, South Carolina.

13.  By virtue of this statute, agreement, and/or permission, AT&T is entitled to undisturbed possession of that right. In accordance with its rights under the law and agreement with and/or permission from the State of South Carolina, the County of Richland, and/or the City of Columbia, AT&T installed copper and fiber-optic cables and other equipment underground in the right of way at or near 4701 North Main Street, Columbia, Richland County, South Carolina (the "Cables").

## FOR A FIRST CAUSE OF ACTION – TRESPASS

14.  Plaintiff AT&T adopts and incorporates by reference all allegations contained in paragraphs 1 through 13 above.

15.  On or about April 29, 2022, Defendant Zaldivar was, without the knowledge or consent and against the will of AT&T, excavating with mechanized equipment at or near 4701 North Main Street, Columbia, Richmond County, South Carolina.

16.  On or about April 29, 2022, without Plaintiff AT&T's knowledge or consent and against AT&T's will, Defendant Zaldivar damaged the Cables while excavating with mechanized equipment as described in Paragraph 15 above. At the point where it was damaged, the Cables were buried at or near 4701 North Main Street, Columbia, Richmond County, South Carolina, pursuant to AT&T's agreement with and/or permission from the State of South Carolina, the County of Richland, and/or the City of Columbia.

17.  As a result of the actions and/or omissions of Defendant Zaldivar, Plaintiff AT&T has sustained disturbance to its rights of use or servitudes, as well as damages to, and loss of use of,

3

the Cables, which have resulted in actual damages to AT&T in the amount of $103,694.46, including, but not limited to, direct and indirect costs of repairs and the loss of the use of the Cables.

## FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

18. Plaintiff AT&T adopts and incorporates by reference all allegations contained in paragraphs 1 through 17 above.

19. Defendant Zaldivar owed a duty of care to Plaintiff AT&T to use due care when excavating in the vicinity of the Cables and to ensure its employees were properly trained and supervised.

20. Upon information and belief, Defendant Zaldivar breached these duties on or about April 29, 2022. Such breaches included, but are not limited to, the following:

   **(a)** Failing to plan the excavation to avoid damage to or minimize interference with facilities in and near the construction area as required by the South Carolina Underground Facility Damage Prevention Act ("SCUFDPA), §58-36-60(E)(3).

   **(b)** Failing to perform the excavation in a careful and prudent manner, based on accepted engineering and construction practices;

   **(c)** Failing to take adequate measures to ensure the Cables would not be damaged during the excavation;

   **(d)** Excavating with mechanized equipment within 24 inches of a known and identified underground fiber-optic cable in violation of SCUFDPA §58-36-60(E)(9);

   **(e)** Failing to adequately train its employees on the use of mechanized equipment and/or the precautionary measures related to working in and around buried fiber-optic cable;

   **(f)** Failing to adequately supervise its employees who were performing the excavation and to ensure that those employees performed that work in compliance with all applicable statutes, regulations, and accepted engineering and construction practices; and,

**(g)**    Failing to exercise such reasonable care as necessary for the protection of the Cables while performing the excavation as required by SCUFDPA § 58-36-60(E)(9).

21.    As a result of the actions and/or omissions of Defendant Zaldivar, Plaintiff AT&T has sustained disturbance to its rights of use or servitudes and damages to and loss of use of the Cables which have resulted in actual damages to AT&T in the amount of $103,694.46, including, but not limited to, direct and indirect costs of repairs and the loss of the use of the Cables.

**WHEREFORE**, Plaintiff AT&T prays this Court grant judgment in AT&T's favor against Defendant Zaldivar on AT&T's First and Second Claim for Relief, awarding AT&T actual damages of $103,694.46; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

DATED this 28th day of April 2025.

    Respectfully submitted.

    HHP LAW GROUP LLC

By:    s/ Carl Hiller
    Carl D. Hiller, Esquire, Fed ID 11755
    carl@hhplawgroup.com
    2020 Assembly Street
    Post Office Box 83 (29202)
    Columbia, South Carolina 29201
    (803) 400-8277
    (803) 845-4900 fax
    **ATTORNEYS FOR PLAINTIFF BELLSOUTH TELECOMMUNICATIONS, LLC d/b/a AT&T SOUTH CAROLINA**